IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MAURICE RONALD ARCHER,<br><br>Petitioner,<br><br>vs.<br><br>DAVID BERKEBILE, et al,<br><br>Respondents. | Cause No. CV 15-51-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On June 24, 2015, Petitioner Maurice Ronald Archer filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Archer seeks to challenge due process violations that allegedly occurred in the original 2007 criminal proceedings, prosecutorial misconduct that allegedly occurred during the criminal trial, the effectiveness of trial counsel's assistance, the effectiveness of appellate counsel, and perceived bias within the trial court. (Doc. 1.) Archer is a state prisoner proceeding pro se.

I.  **Factual and Procedural Background**

The petition at hand is Archer's second in this Court. He filed the first in

1

2009.  *See Archer v. Mahoney*, No. CV 09-73-BU-SEH-RKS (D. Mont. judgment entered Mar. 2, 2010).  In both petitions, Archer raises similar allegations and bases for relief concerning his 2007 conviction.  Archer's 2009 federal petition was dismissed with prejudice as procedurally defaulted in its entirety.[1]

Following the dismissal of his first federal habeas petition, Archer filed a petition for judicial review in the Montana Supreme Court, requesting the Court declare Montana Code Annotated § 26-1-301 unconstitutional.[2]  The Montana Supreme Court denied the petition.  Or. Denying Writ of Review, *Archer v. State*, Cause No. OP 12-0611 (Mont. Nov. 29, 2012).

On May 3, 2012, Archer filed a petition for postconviction relief in the trial court.  The trial court denied the petition as time barred.  Archer appealed the denial to the Montana Supreme Court; the Court affirmed the trial court's denial. *Archer v. Eighteenth Judicial Dist. Court*, DA 12-0690, 317 P.3d 203 (Table) (Mont. Jul. 30, 2013).

Archer also filed a second state habeas petition, alleging that: the prosecutor elicited false testimony; the trial court exhibited bias by participating in the accusatory process; the trial court was without proper jurisdiction; and his trial

---

[1] United States Magistrate Judge Keith Strong noted that the Montana Supreme Court had advised Archer he might be able to file a petition for relief in the trial court, but he did not do so.  *Archer v. Mahoney*, No. CV-09-73-BU-SEH-RKS (Doc. 10) at 5.  Judge Strong further noted he would now be time-barred from seeking state postconviction relief under Montana Code Annotated § 46-21-102(1)(b).  *Id*.

[2] Montana Code Annotated § 26-1-301 provides: "The direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact, except perjury and treason."

counsel was ineffective. In its habeas order, the Montana Supreme Court only addressed the issue of the disqualification of the trial judge. The Court held that, because Archer did not raise an issue on appeal relating to the disqualification of the trial judge, he had exhausted his appeal remedy and was procedurally barred from raising the claim. Or. Denying Habeas Relief, *Archer v. Frink*, Cause No. OP 13-0213 (Mont. April 9, 2013).

Archer then filed a Petition for Writ of Habeas Corpus with the United States Supreme Court; on June 30, 2014, the Court denied Archer's petition. *See,* (Doc. 1-12).

## II. Analysis

This Court has attempted to discern whether Archer's petition is truly a habeas petition or whether it is, in reality, a motion under Fed. R. Civ. P. 60(b). Rule 60(b) allows a party to seek relief from a final judgment and request reopening of his case under a limited set of circumstances. Rule 60(b) "has an unquestionably valid role to play in habeas cases," but its application is qualified by the stringent limitations on second or successive habeas petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); 28 U.S.C. § 2244(b)(1), (2). Under *Gonzalez,* a legitimate Rule 60(b) motion "attacks . . . some defect in the integrity of the federal habeas proceedings," while a second or successive habeas corpus petition "is a filing that contains one or more 'claims,' defined as asserted federal bases for relief from a

3

state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530, 532. A motion that does not attack "the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably" raises a claim that takes it outside of the bounds of Rule 60(b) and within the scope of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which limits second or successive habeas corpus petitions. *Id*. at 532 n. 5. For the reasons discussed below, Archer's petition appears to fall squarely in the realm of second or successive petitions.

This Court must dismiss any claim that was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). The Court must dismiss a new claim in a second or successive petition even if it was not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or the petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the case of actual innocence, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3)

All of the claims that Archer makes in his current petition arise out of the 2007 Gallatin County trial and conviction. "[B]oth 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Magwood v. Patterson*, 561 U.S. 320, 332-3 (2010). In *Magwood*, the petitioner was resentenced following a conditional grant of habeas corpus. *Magwood*, 561 U.S. at 323. Magwood then filed an application for a writ of habeas corpus challenging the new sentence, which was again

conditionally granted. *Id*. The Court of Appeals reversed, holding that Magwood's new challenge was an unreviewable "second or successive" petition. *Id*. The Supreme Court reversed, holding that because Magwood was challenging a new judgment for the first time it was not "second or successive" under § 2244(b). *Id*. at 342.

In *Hill v. State of Alaska*, 297 F.3d 895 (9th Cir. 2002), the Circuit determined that the phrase "second or successive" was a term of art derived from the "abuse-of-the-writ" doctrine predating AEDPA. *Hill*, 297 F.3d at 897-98. Hill had originally filed a habeas petition attacking his conviction and sentence. Subsequently, he was denied parole and sought to challenge the denial in a second habeas petition. *Id*. at 987. The court held that just because "a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.'" *Id*. at 898. The court, following other circuits, reasoned that "if the prisoner did not have an opportunity to challenge the state's conduct in a prior petition" it should not be deemed second or successive. *Id*.

Unlike the petitioners in *Magwood* and *Hill*, Archer continues to challenge the original judgment of conviction against him; there has been no amended judgment, revocation, or intervening proceeding. Archer had the full opportunity to challenge his conviction and sentence in his prior federal habeas petition, as well as in other filings in the state court. This case is distinguishable from *Magwood*

5

and *Hill*. The petition presently before this Court is a successive attack on the original 2007 trial and conviction.

28 U.S.C. § 2244(b)(2) sets forth narrow exceptions to the second or successive bar. The exceptions are limited to new rules of constitutional law, § 2244(b)(2)(A), or newly discovered facts that establish actual innocence, § 2244(b)(2)(B). Even if Archer could establish a valid exception, these may not be asserted for the first time in the district court. Archer must raise his grounds for making a second or successive petition before the Ninth Circuit in a motion for leave to file a second or successive petition. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Until Archer obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court has no jurisdiction to hear Archer's claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional

6

right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction, and there is no basis to encourage further proceedings at this time.

## IV. Recommendation

1. Mr. Archer's Petition (Doc. 1) should be **DISMISSED** for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Archer may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

---

[3] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Archer must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 14th day of July, 2015.

/s/ John Johnston  
John Johnston  
United States Magistrate Judge
